IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| BARBIE PERKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:24-CV-00679-DGK |
| | ) |
| TRUMAN MEDICAL CENTER, | ) |
| INC. D/B/A UNIVERSITY HEALTH | ) |
| | ) |
| Defendant. | ) |

**ORDER GRANTING IN PART DEFENDANT'S PARTIAL MOTION TO DISMISS**

This lawsuit arises from an employment dispute. Plaintiff Barbie Perkins alleges Defendant Truman Medical Center, Inc. subjected her to race discrimination and retaliation in violation of Title VII of the Civil Rights Act and 42 U.S.C. § 1981.

Now before the Court is Defendant's Partial Motion to Dismiss Plaintiff's Amended Complaint and Motion to Strike. ECF No. 14. For the following reasons, the motion is DENIED in part and GRANTED in part.

**Standard**

A claim may be dismissed if it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, the Court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to the plaintiff[]." *Stodghill v. Wellston Sch. Dist.*, 512 F.3d 472, 476 (8th Cir. 2008). To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its fact." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facially plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff need not demonstrate the claim is probable, only that it is more than just possible. *Id.*

## Background

Accepting the Amended Complaint's factual allegations as true, viewing these allegations in the light most favorable to Plaintiff, and drawing all reasonable inferences in Plaintiff's favor, the Court finds the facts to be as follows for purposes of resolving the pending motion.

Plaintiff is an African American female who was employed as a Guest Services employee for Defendant's Lakewood Campus starting sometime in 2021 and continuing through July 1, 2022. During Plaintiff's term of employment, she was never written up or disciplined.

Plainitff was supervised by Angela Brown-Kendall. Virginia Washington was Plaintiff's coworker.

In or around April 2022, Brown-Kendall filed a complaint with Defendant's human resources department. The complaint alleged: (1) Washington sexually harassed her; and (2) Defendant discriminatorily enforced its anti-harassment policies against her and other employees based on race. In response to Brown-Kendall's complaint, Defendant initiated an internal investigation in April 2022. Plaintiff's Amended Complaint does not indicate if and how the internal investigation was resolved.

In the months that followed, Plaintiff was called into several meetings to provide witness statements concerning the allegations in Brown-Kendall's complaint. Plainitff confirmed that Washington spread sexually explicit rumors about Brown-Kendall. At least two other Black employees provided similar statements to human resources. After these interviews, Plaintiff "felt a target on her back." Amend. Compl. ¶ 13, ECF No. 12.

On July 1, 2022, Plaintiff's temporary employment was terminated. The Amended Complaint does not indicate whether Plaintiff was prematurely terminated or whether July 1, 2022, was the end of her temporary employment contract. Around this same time, however, the two other Black employees who participated in the internal investigation were either terminated or transferred to another location.

Four days after Plaintiff's temporary employment ended, Brown-Kendall was placed on a 30-day suspension pending Defendant's investigation. Sometime later, Brown-Kendall filed a federal lawsuit against Defendant alleging various counts of race discrimination, sexual harassment, and retaliation. *See Angela Brown-Kendall v. Truman Medical Center*, No. 4:23-cv-00813-BP.

In November 2023, Plaintiff was named as a witness with material testimony in Brown-Kendall's federal case. Several months later, Plaintiff executed an affidavit in support of Brown-Kendall. Plaintiff's affidavit stated that she did not believe Defendant thoroughly investigated Brown-Kendall's complaint, in part, because the employees they interviewed were Black.

Following her termination, Plaintiff states that she applied to Defendant "at least twenty-eight (28) and up seventy-five (75) times" but has not been hired back. *Id.* at ¶ 54. For each application, Plaintiff submitted the same resume which listed her qualifications for the position. Plaintiff was offered several interviews, including one for her previous position in Guest Services. The interviewer, Brown-Kendall, recommended Defendant hire Plaintiff. Despite this recommendation, Plaintiff was not hired for the Guest Services position. Plaintiff alleges that she has not been rehired because: (1) she participated in the internal investigation and as well as Brown-Kendall's subsequent federal lawsuit; and (2) she is Black.

3

On April 28, 2024, Plaintiff filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC"). ECF No. 1-1. In the section titled "DISCRIMINATION BASED ON," Plaintiff only indicated "Retaliation." *Id.* at 1. In the narrative section, Plainitff included the following relevant statements: (1) "I felt that my complaint about Virginia Washington's treatment toward me were not taken seriously because I am Black"; and (2) "I believe I have not been rehired because I participated in the sexual harassment complaint [against] Virginia Washington." *Id.* at 1–2. The EEOC issued a Right to Sue Notice on October 7, 2024.

On October 18, 2024, Plaintiff filed this lawsuit. ECF No. 1. In response, Defendant filed a combined motion under Rule 12, seeking dismissal of all counts or alternatively, an order for Plaintiff to provide a more definite statement. ECF No. 5. The Court granted Defendant's motion for a more definite statement. ECF No. 6. This Amended Complaint followed. ECF No. 12.

## Discussion

Plaintiff's amended complaint asserts ten counts against Defendant which collectively allege a plethora of race discrimination and retaliation claims. Defendant moves to dismiss Counts VII and VIII pursuant to Federal Rule of Civil Procedure 12(b)(6) and Counts III and IV pursuant to Rule 12(f). The Court rules as follows.

**I. Rule 12(b)(6).**

**A. Count VII survives Defendant's motion to dismiss.**

Count VII alleges that Defendant violated Title VII when it failed to hire Plaintiff for various positions because of her race.

Defendant argues Count VII should be dismissed because Plaintiff did not exhaust her administrative remedies before pursuing her race discrimination claims in federal court.

Specifically, Defendant argues Plaintiff's administrative charge only explicitly alleged retaliation as the basis for its alleged failure to hire. Plaintiff contends her administrative charge sufficiently put Defendant on notice of all her claims, including those regarding race.

Before filing a discrimination claim, an individual must first exhaust administrative remedies by raising each alleged lawful employment practice. *See Richter v. Advance Auto Parts, Inc.*, 686 F.3d 847, 851 (8th Cir. 2012); *Moses v. Dassault Falcon Jet-Wilmington Corp*, 894 F.3d 911, 919 (8th Cir. 2018). This requirement ensures that the employer has notice of the claims and that the administrative agency can investigate. *See Moses*, 894 F.3d at 919. Additionally, a federal complaint must be "no broader than the scope of the EEOC investigation which could reasonably be expected to grow out of the charge filed in the EEOC complaint." *Wedow v. City of Kansas City, Mo.*, 442 F.3d 661, 674 (8th Cir. 2006) (internal quotations omitted). Therefore, a complaint may be dismissed under Rule 12(b)(6) if failure to exhaust "is apparent on the face of the complaint." *ABF Freight Sys., Inc. v. Int'l Bd. of Teamsters*, 728 F.3d 853, 861 (8th Cir. 2013); *see also Pointer v. Missouri Dep't of Corr.*, 105 F. App'x 120, 121 (8th Cir. 2004) (finding dismissal is proper when the record indicates exhaustion requirement has not been met). A plaintiff satisfies the administrative exhaustion requirement if the claims in the federal complaint are "reasonably related" to the allegations in the administrative charge. *See Shannon v. Ford Motor*, 72 F.3d 678 (8th Cir. 1996).

At this stage, the allegations in the administrative charge are sufficient to survive Defendants' motion to dismiss. When liberally construed, the narrative portion of Plaintiff's administrative charge links—tenuous as it may be—allegations of racial discrimination with Defendant's failure to hire. That is, because Plaintiff alleges that her complaints about Washington were not taken seriously because of her race, and she was not rehired because she participated in

5

that complaint process, one could infer that she is alleging racial animus influenced Defendant's subsequent decisions not to rehire her.

Accordingly, Defendant's motion to dismiss Count VII is denied.

### B. Count VIII survives Defendant's motion to dismiss.

Count VIII alleges that Defendant violated 42 U.S.C. § 1981 when it racially discriminated against Plaintiff "in the enforcement of policy and punishment." Amend. Compl. ¶ 225. More specifically, Plaintiff alleges she was "not provided [the same] protection under anti-harassment or anti-retaliation polices as [her] Cuacasian counterparts" after participating in Defendant's internal investigation, which resulted in her termination. *Id.* ¶¶ 226, 228.

Section 1981 "protect[s] citizens' rights to make and enforce contracts . . . without any impairment due to private or public racial discrimination." *Daniels v. Dillard's, Inc.*, 373 F.3d 885, 887 (8th Cir. 2004). To state a prima facie case for race discrimination under §1981, Plaintiff must show (1) she is a member of a protected class, (2) she met her employer's legitimate expectations, (3) she suffered an adverse employment action, and (4) the circumstances give rise to an inference of discrimination. *Gibson v. Am. Greetings Corp.*, 670 F.3d 844, 853-54 (8th Cir. 2012); *Young v. Builders Steel Co.*, 754 F.3d 573, 577 (8th Cir. 2014). Under § 1981, Plaintiff bears the burden of showing race was a but-for cause of Plaintiff's injuries. *Benda v. Sadler Rentals, LLC*, No. 1:22-CV-167-ACL, 2023 WL 3002402 (E.D. Mo. Apr. 19, 2023) (citing *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 589 U.S. 327, 331–333 (2020)).

Defendant argues Plaintiff fails to state a prima facie case because she does not allege the last three elements of her claim. These arguments are unavailing. First, Defendant contends Plaintiff did not allege an adverse employment action. To the contrary, Plainitff alleges she was terminated weeks after participating in Defendant's internal investigation. She alleges the

termination resulted from Defendant's discriminatory enforcement of its anti-harassment and retaliation policies. Drawing all reasonable inferences in Plaintiff's favor, these facts sufficiently allege an adverse employment action. *See Cole v. Grp. Health Plan, Inc.*, 105 F.4th 1110, 1114 (8th Cir. 2024) ("An adverse employment action is a disadvantageous change to the compensation, terms, conditions, or privileges of employment.").

Second, Defendant argues Plaintiff does not allege that she met Defendant's legitimate expectations. The Amended Complaint is sufficient in this regard. It alleges Plaintiff was never written up during her employment in Guest Services and was later interviewed and recommended for that same position. Based on these facts, one can infer that Plaintiff met her employer's legitimate expectations.

Third, Defendant argues the circumstances do not give rise to an inference of discrimination. But again, the Amended Complaint is sufficient. It alleges an unequal application of anti-harassment and retaliation policies based on race which resulted in Plaintiff's termination. This clearly gives rise to an inference of discrimination.

Accordingly, Defendant's motion to dismiss Count VIII is denied.

## II.     Rule 12(f).

Defendant argues the Court should strike Counts III and IV from the Amended Complaint because they are duplicative, and therefore redundant, of Counts I and II respectively.

Under Federal Rule of Civil Procedure 12(f), the Court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. Pro. 12(f). A court has broad discretion to strike a pleading under Rule 12(f), but such action is viewed with disfavor and is infrequently granted. *Stanbury Law Firm, P.A. v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000) (*citing Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977)). A claim may be considered

7

redundant when a plaintiff alleges multiple claims premised on the same factual allegations and seeks the same relief. *Hand v. Beach Ent. KC, LLC*, 456 F. Supp. 3d 1099, 1126-27 (W.D. Mo. 2020. However, mere duplicative remedies do not necessarily make claims "redundant" within the meaning of Rule 12(f), if the claims otherwise require proof of different elements. *Fink v. DeClassis*, 745 F. Supp. 509, 515 (N.D. Ill. 1990). Consequently, a claim that merely recasts the same elements under the guise of a different theory may be stricken as redundant pursuant to Rule 12(f). *Fletcher v. Conoco Pipe Line Co.*, 129 F. Supp. 2d 1255, 1258 (W.D. Mo. 2001) (citation omitted).

### A. Count III is redundant of Count I.

Counts I and III are both brought under Title VII and allege Defendant failed to hire Plainitff because she participated in its internal investigation into Brown-Kendall's complaint.

Defendant argues that Counts I and III both address Defendant's alleged retaliatory failure to hire Plainitff and require the same proof of elements. Plaintiff fails to cite controlling authority and provides no meaningful argument in opposition.

Defendant's argument is persuasive. The claims are neither legally nor factually distinct. They rely on the same factual basis, challenge the same alleged adverse employment action, and seek the same damages. Accordingly, Defendant's motion to strike Count III is granted.

### B. Count IV is redundant of Count II.

Counts II and IV are both brought under Title VII and allege Defendant failed to hire Plainitff because she participated in Brown-Kendall's federal lawsuit.

The parties offer the same arguments as above with respect to these claims. For the reasons stated above, these claims are redundant. Accordingly, Defendant's motion to strike Count IV is granted.

**Conclusion**

For the foregoing reasons, Defendant's motion is DENIED in part and GRANTED in part.

**IT IS SO ORDERED.**

Date:  March 10, 2025                                          /s/ Greg Kays
                                                                               GREG KAYS, JUDGE
                                                                               UNITED STATES DISTRICT COURT